IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| **TORYN FOREMAN,** | § | |
|     Plaintiff, | § | |
| v. | § | **CASE NO. 1:21-cv-0021** |
| | § | |
| | § | |
| **ZAMPELL REFRACTORIES, INC.,** | § | |
|     Defendant. | § | |
| | § | **JURY TRIAL DEMANDED** |

## PLAINTIFF'S ORIGINAL COMPLAINT

**TORYN FOREMAN,** Plaintiff in the above numbered and styled cause, files his Original Complaint complaining of **ZAMPELL REFRACTORIES, INC.,** Defendant herein, and in support thereof shows this Court as follows:

1. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343, 2201 and 2202. This is a suit in law and in equity, authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964 as amended by the Civil Rights Act of 1991, as amended, 42 U.S.C. §2000e, *et seq.* ("Title VII"), and Section 1981 of the Civil Rights Acts of 1981, 42 U.S.C. §1981 ("Section 1981"). The jurisdiction of this Court is invoked to secure the protection of and redress the deprivation of rights secured by these laws protecting people such as the Plaintiff from employment discrimination and a hostile work environment based on Race and Color and from retaliation for opposition to such unlawful practices.

**Venue**

2. Venue is proper in the U.S. District Court for the Eastern District of Texas

Beaumont Division. A substantial part, if not all, of the cause of action accrued or arose in the Eastern District of Texas. Defendant maintains sufficient business contacts within the counties comprising the Beaumont Division. Furthermore, the Plaintiff resided within the Beaumont Division during the pertinent times in question.

## Parties

3. Toryn Foreman, Plaintiff, is a United States citizen and a resident of Port Arthur, Texas. At all times material hereto, Plaintiff was an Employee of Defendant, as understood and defined and understood by Title VII and Section 1981.

4. Zampell Refractories, Inc., Defendant, is a Massachusetts corporation. It may be served with this lawsuit by serving its registered agent for service of process, Corporation Service Company d/b/a CSC-Lawyers, Inc., 211 E. 7th St., Suite 620, Austin, TX 78701. At all times material hereto, Defendant was an Employer of Plaintiff, as understood and defined and understood by Title VII and Section 1981.

## Facts[1]

5. Plaintiff Foreman (African-American/Black) applied for employment directly with Defendant.

6. Plaintiff Foreman interviewed for his job with Defendant's management employee, Keith (last name unknown) (Caucasian).

7. In October 2019, Plaintiff Foreman was informed by Mr. Keith and another management employee of Defendant, Dustin (last name unknown) (Caucasian), believed to be Defendant's Regional Manager, that he was hired to work for

---

[1] These facts are by no means exhaustive.

       Defendant as a Scaffold Foreman at a refinery in Port Neches, Texas.

8. Plaintiff Foreman's work was directed and controlled by Defendant.

9. Plaintiff Foreman's work schedule was set by Defendant.

10. Plaintiff Foreman was paid hourly for his work performed for Defendant.

11. Plaintiff Foreman received his personal protective equipment and gear from Defendant.

12. Plaintiff Foreman supervised approximately 16 employees on his crew for Defendant.

13. Plaintiff's Foreman's work was an integral part of the business of Defendant.

14. During the time period in question, another of Defendant's crews was supervised by Defendant's Foreman, Francisco Sanchez (Hispanic).

15. Plaintiff Foreman's immediate supervisor was Shaun Duplantis, a General Foreman with Defendant (Caucasian), at this job site.

16. While Plaintiff Foreman was employed by Defendant, Mr. Sanchez would follow him and treat him and the other African-American employees on the crew differently, in a negative and less favorable way, than he treated employees of other races.

17. On or about November 3, 2020, Plaintiff Foreman was working with his crew in the scaffolding, when he heard Mr. Sanchez yell up to him that they were doing the work wrong.

18. Plaintiff Foreman then came down to the ground and addressed Mr. Sanchez professionally by telling him that he has years of experience in scaffolding and he knows what he is doing.

19. Mr. Sanchez snapped at Plaintiff Foreman and told him that "you ain't nothing but

a street ni**er (egregious racial slur omitted) anyway."

20. Plaintiff Foreman immediately complained about this racial slur to Mr. Duplantis, who supervised Plaintiff Foreman and Mr. Sanchez.

21. Mr. Duplantis then notified Mr. Keith and Izzy (last name unknown) (Hispanic), believed to be Defendant's Superintendent, and another individual. They came to the job site.

22. Mr. Keith, Mr. Izzy and the other individual spoke with Plaintiff Foreman about his complaint of the racial slur. They said there would be an investigation, and then told Plaintiff Foreman to go back to work.

23. The next day, on or about November 4, 2020, Plaintiff Foreman went to work at his scheduled time, and was told that his badge did not work.

24. Plaintiff Foreman then spoke with a Human Resources representative with Defendant who informed Plaintiff Foreman that he was terminated.

25. When Plaintiff Foreman asked if he was being terminated because of his complaint of the racial slur, the Human Resources representative stated that he was not going to speak on that issue.

26. Plaintiff Foreman had not been counseled, disciplined, or told of any issues with his performance at any time during his employment or at the time of his termination.

**27.** Plaintiff Foreman was unlawfully terminated due to his Race and/or Color and/or in retaliation for his complaint of race/color discrimination.

## CAUSES OF ACTION

**Race and Color Discrimination and Retaliation under Title VII and Section 1981.**

28. Plaintiff hereby incorporate all facts stated in the preceding paragraphs as if set forth fully herein.

29. Defendant has intentionally discriminated against Plaintiff in violation of Section 1981 and Title VII based on race (African-American) and color (Black) in the terms and conditions of his employment, has engaged in a hostile work environment based on race and color and failed to promptly take remedial action, and has engaged in retaliation against Plaintiff for his legally protected opposition to such unlawful practices.

30. Plaintiff Foreman's race and/or color were motivating factors in the Defendant's discriminatory treatment of him and its decision to terminate him.

31. But for Plaintiff Foreman's engagement in legally protected actions, Defendant would not have terminated the Plaintiff Foreman when it did.

32. Defendant is liable for the unlawful conduct described herein as Plaintiff Foreman's Employer.

33. Plead in the alternative, Defendant is also liable under Title VII for an interference with employment opportunities claim in that it had control of the premises where the services were rendered and blocked such access in its termination of Plaintiff Foreman. *See Sibley Memorial Hosp. v. Wilson*, 488 F.2d. 1338 (D.C. Cir. 1973); *See also Daniels v. Allied Elec. Contractors,* 847 F.Supp. 514, 520 (E.D. Tex. 1994) (conferring *Sibley* standing on the plaintiff). [2]

---

[2] Defendant alleged to the U.S. Equal Employment Opportunity Commission ("EEOC") that Plaintiff Foreman was an employee of a staffing company. For the sake of argument, however, Plaintiff Foreman never had any communications with any staffing company other than purportedly receiving checks from it. Further, he was never told by Defendant that any staffing company employed him.

34. As a result of Defendant's intentional, discriminatory and unlawful acts described above, Plaintiff has suffered and continue to suffer actual damages and compensatory damages including but not limited to mental anguish, humiliation, emotional distress and damage to his professional reputation, all to his detriment and compensable at law.  Plaintiff also sues for the recovery of punitive damages as authorized by statute.

35. Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged herein, and this action for preliminary and permanent injunction is the only available means of securing adequate relief.  Plaintiff presently suffers and will continue to suffer irreparable injuries from Defendant's policies, practices, customs, and usages set forth herein.

36. The effect, purpose and intent of the policies and practices pursued by Defendant has been and continues to be to limit, classify, and willfully discriminate against employee(s) on the basis of their race and color and retaliate against employee(s) for opposing unlawful practices and otherwise adversely affect their status as employees because of same.

37. Plaintiff has fully complied with the provisions of Title VII. Plaintiff has timely filed a charge of discrimination with the EEOC and has received notice from the EEOC of his right to institute a civil action under Title VII, having timely filed this lawsuit after such receipt. Further, this lawsuit is timely under Section 1981. Accordingly, all jurisdictional prerequisites and conditions precedent to bring this suit have been satisfied.

38. **Plaintiff hereby demands a trial by jury**.

    **WHEREFORE**, Plaintiff prays that this Court advance this cause on the docket,

order a speedy trial at the earliest practicable date and cause this case in every way to be expedited and upon such hearing to:

i. Grant Plaintiff a preliminary and permanent injunction enjoining Defendant, its agents and employees and those acts from continuing to maintain the policies, practices, customs or usages which discriminate against Plaintiff because of race and color, retaliate against Plaintiff, or otherwise deprive Plaintiff of his rights and privileges secured by Federal Law;

ii. Grant Plaintiff a declaratory judgment, that the practices, policies, customs and usages complained of herein are violative of his rights protected by Title VII and Section 1981;

iii. Order the Defendant to grant Plaintiff additional equitable, actual and compensatory relief, requiring said Defendant to make Plaintiff whole, including but not limited to promotions, back pay and front pay including all interest, insurance benefits, retirement benefits, bonuses, vacation benefits, sick leave, and other incidental benefits that attach to and were incidental to Plaintiff's employment with Defendant, as authorized by statute;

iv. Order the Defendant to pay punitive damages in an amount at least three times the actual and compensatory damages awarded;

v. Order front pay for Plaintiff, who has been discharged, in lieu of reinstatement, if reinstatement is not feasible;

vi. Grant an Order restraining Defendant from any retaliation against Plaintiff for participation in any form in this action;

vii. Prejudgment and postjudgment interest as provided by law;

viii. Grant Plaintiff his costs incurred herein, and as part of such costs, reasonable

        Attorneys' fees and Expert witness fees and such further, additional or alternative relief and affirmative action orders as may appear equitable and just; and

ix.      Such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

By:   */S/ Ian Scharfman*
IAN SCHARFMAN
ATTORNEY-IN-CHARGE
STATE BAR #00788360
3120 Southwest Freeway, Suite 450
Houston, Texas 77098
(713) 255-2267 (Tel)
(713) 255-2270 (Fax)
ian@scharfmanlawfirm.com

Of Counsel:
THE SCHARFMAN LAW FIRM, PLLC

ATTORNEY FOR PLAINTIFF